IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLIN LEASING CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BIOMERIEUX, INC., et al. | : | NO. 06-5609 |

MEMORANDUM

Baylson, J.                                                                                                          May 16, 2007

I.   **Background**

The Amended Complaint in this case presents claims by Plaintiff Marlin Leasing Corporation ("Marlin") against three Defendants, Biomerieux, Inc., Scott Waddell ("Waddell"), and PST Consultants, Inc. ("PST").  According to the Complaint, Marlin signed leases with Defendant Biomerieux for various properties located in North Carolina.  The Complaint also alleges that Defendants Waddell and PST fabricated a multifaceted "Ponzi" scheme to defraud Marlin in connection with the Biomerieux leases and other leases listed in the Complaint, through a variety of tortious tactics, as a result of which Marlin was damaged.

Count I claims breach of contract as to Defendant Biomerieux only, and seeks damages in the amount of $314,168.82.  Count II claims replevin against Defendant Biomerieux only for certain pieces of equipment.  Count III claims conversion against Defendant Biomerieux only. Counts IV, V and VI claim conversion, fraud and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, respectively, against Defendants Waddell and PST. Count VII claims unjust enrichment/quantum meruit against Defendants Waddell and PST.

-1-

Presently before the Court are Defendants PST and Waddell's Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction, and alternatively to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of North Carolina. Defendant Biomerieux also moves under 28 U.S.C. § 1404(a) to transfer this action to North Carolina.

## II. Discussion

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b).

Due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987)). When determining whether personal jurisdiction exists, the court must resolve the question based on the circumstances that the particular case presents. Burger King, 471 U.S. at

485.

A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum. General jurisdiction is based upon the defendant's "continuous and systematic contacts" with the forum. General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984)). Specific jurisdiction is appropriate only if the "plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably expect being haled into court' in that forum." Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 (3d Cir. 1996) (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). Specific jurisdiction is established where the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate[] to' those activities." BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King, 471 U.S. at 472).

In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), we "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996), cert. denied, 519 U.S. 1028 (1996). The plaintiff must establish those contacts with reasonable particularity. See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1996). Once

the plaintiff makes out a *prima facie* case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable.  See Carteret Sav. Bank, 954 F.2d at 150.

Marlin claims this Court can exercise specific jurisdiction over PST and Waddell because: (1) Defendants transmitted the fraudulent leases to Marlin in Pennsylvania, where Marlin executed them; and (2) in order to cover up their fraudulent scheme, Defendants (rather than the lessees) paid Marlin in Pennsylvania.  Defendants contend that the focal point of the alleged wrongdoing was North Carolina, not Pennsylvania, and therefore Plaintiff has not established specific jurisdiction in this forum.

   1.   **Minimum Contacts Analysis**

The Court has reviewed the papers and concludes that Defendants have sufficient "minimum contacts" with Pennsylvania to allow this Court to exercise specific personal jurisdiction over them.  Plaintiff alleges that the Defendants fraudulently altered a number of lease agreements, and sent those leases to Marlin in Pennsylvania, where Marlin executed them.  Then, in an effort to conceal their fraud, Defendants directed Marlin to bill them, rather than the lessees of the equipment, and proceeded to deposit lease payments in Marlin's lockbox in Pennsylvania.  The present lawsuit against PST and Waddell for fraud, conversion and unjust enrichment, arises directly out of these asserted contacts with Pennsylvania.  As the Third Circuit recognized in Grand Entertainment Grp., Ltd. v. Star Media Sales, 988 F.2d 476 (3d Cir. 1993), "[w]here the contacts evaluated are those that give rise to the litigation, even one contact with the forum may be enough to justify jurisdiction as long as the other criteria are met."  Id. at 483.  Assuming the truth of Plaintiff's allegations (as we must for present purposes), we conclude that

Defendants, by transmitting allegedly fraudulent leases and payments into Pennsylvania on a number of occasions, "purposefully directed [their] activities at residents of the forum [state]", such that they "should [have] reasonably anticipate[d] being haled into court [here]." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### 2. "Effects Test" Under *Imo Industries*

Jurisdiction is also appropriate under the "effects test," established by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), and applied by the Third Circuit in Imo Industries, Inc. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998). In Imo, the Third Circuit set forth a three-part inquiry to determine if a court may exercise personal jurisdiction in an intentional tort case: (1) Did the defendant commit an intentional tort; (2) Did the plaintiff feel the brunt of the harm in the forum; and (3) Did the defendant expressly aim his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. Imo, 155 F.3d at 265-66.

Plaintiff alleges that Defendants committed fraud, an intentional tort, and therefore has satisfied Imo's first prong. With respect to the second prong, Plaintiff points out that its "Lease Acceptance Office" is located in Pennsylvania, and financial matters relating to the leases were handled there. Accordingly, Marlin claims it felt the impact of Defendants' fraud in Pennsylvania. Although Plaintiff's allegations in connection with this prong are rather cursory, Defendants have not presented sufficient evidence to refute them. The fact that Marlin is a Delaware corporation with its principal place of business in New Jersey, and that Marlin's Lease Funding Department is located in New Jersey, do not undermine Plaintiff's assertion that it suffered harm in Pennsylvania. Finally, as to the third prong, we think it is clear that Defendants expressly aimed their tortious conduct at Pennsylvania: PST transmitted numerous lease

agreements to Plaintiff's Pennsylvania office where Plaintiff executed them, and then, in an alleged effort to further their fraud, deposited payments in Marlin's lock-box in Pennsylvania. See Vector Sec., Inc. v. Corum, No.Civ.A. 03-741, 2003 WL 21293767, at *4 (E.D. Pa. Mar. 21, 2003) (concluding that defendant expressly aimed fraudulent conduct at Pennsylvania because it sent nine e-mails to Plaintiff in Pennsylvania and directed the transmission of an additional sixteen).

In sum, we conclude that Plaintiff's allegations are sufficient to establish specific personal jurisdiction for 12(b)(6) purposes. Defendants are, of course, free to pursue this issue during merits discovery, and may raise the absence of personal jurisdiction again at the summary judgment stage.

### 3. "Traditional Notions of Fair Play and Substantial Justice"

Finally, we must determine whether the Court's exercise of personal jurisdiction over Defendants comports with "traditional notions of fair play and substantial justice." Remick, 238 F.3d at 255 (quoting International Shoe, 326 U.S. at 316). To defeat jurisdiction on these grounds, Defendants must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Miller Yacht Sales, Inc. v. Smith, 284 F.3d 93, 97 (3d Cir. 2004) (quoting Burger King, 471 U.S. at 477). The Court should consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id.

Defendants have not met this burden. The interests of the Commonwealth would be furthered by hearing the case in this Court. As we have already concluded, Plaintiff has

established for 12(b)(6) purposes that Defendants expressly aimed their tortious conduct at Pennsylvania, and Marlin suffered the brunt of harm in Pennsylvania. Additionally (as we explain below in our § 1404 discussion), litigating in Pennsylvania as opposed to North Carolina is not unduly burdensome for Defendants, particularly in light of the fact that several of the leases at issue contained Pennsylvania forum selection clauses.

### 4. Jurisdiction Over Defendant Waddell

"Generally, a court can not assert jurisdiction over a non-resident defendant whose only contacts with the forum state are based on the defendant's role as a corporate officer." Direct Response Media v. Fall Line Entm't, Inc., No.Civ.A. 99-2645, 1999 WL 962542, at *4 (E.D. Pa. Oct. 20, 1999). However, a corporate officer may be held individually liable for tortious conduct if he "personally took part in the commission of the tort, or . . . specifically directed other officers, agents or employees of the corporation to commit the act." Schiller-Pfeiffer, Inc. v. Country Home Prod. Inc., No.Civ.A. 04-1444, 2004 WL 2755585, at *5 (E.D. Pa. Dec. 1, 2004) (internal quotations omitted). In determining whether jurisdiction is appropriate, a court should consider: (1) the officer's role in the corporate structure; (2) the nature and quality of the officer's contacts with the forum; and (3) the officer's personal participation in the allegedly tortious conduct. See Hodgson v. Man Financial Inc., Civ.A.No. 06-1944, 2006 WL 3791341, at *6 (E.D. Pa. Dec. 22, 2006) (citing Rittenhouse & Lee v. Dollars & Sense, Inc., Civ.A.No. 83-5996, 1987 WL 9665, at *4 n.6 (E.D. Pa. Apr. 15, 1987)).

In this case, Plaintiff alleges that all of its dealings with PST were with its President, Scott Waddell, and that no other individuals ever identified themselves as employees or agents of PST. (Fineman Affidavit, ¶ 6). Although Waddell has submitted an affidavit, he does not refute

these allegations. Accordingly, we conclude that we may assert jurisdiction over Waddell in his individual capacity.

  B. **Motions to Transfer Venue Under 28 U.S.C. § 1404**

As to the motions to transfer venue, the Court notes that at least some of the contracts in question have a forum selection clause for this Court. As this Court previously ruled in Hodgson v. Gilmartin, Civ.A.No. 06-1944, 2006 WL 2707397 (E.D. Pa. Sept. 18, 2006), forum selection clauses are presumptively valid, and will be enforced unless the party objecting to its enforcement establishes that: (1) it is the result of fraud or overreaching; (2) enforcement would violate a strong public policy of the forum; or (3) enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Id. at *8. Defendants have not established any of these circumstances in this case.

Generally, in considering a motion to transfer under § 1404(a), the Court must assess a number of private and public factors. The private factors include: (1) the plaintiff's choice of venue; (2) the defendants' preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the forums; and (6) the extent to which books and records would not be produced in one of the forums. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The public interests we should take into account include: (1) the enforceability of a judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; (5) the public policies of the forums; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

In this case, the Court considers the contractual forum selection clauses and Plaintiff's choice of forum to be the paramount factors. Furthermore, travel between North Carolina and Pennsylvania is not unduly burdensome, and the parties' arguments on location of witnesses and documents do not particularly favor one side over the other. For these reasons, the Court concludes that venue in this district is appropriate, and the motions to transfer will be denied.

### III. Conclusion

For the reasons set forth above, the Defendants' motions to dismiss under 12(b)(2), and in the alternative, to transfer venue, are denied. An appropriate Order follows.

A:\06-5609 - Marlin Leasing v. Biomerieux - motion to dismiss and transfer venue.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLIN LEASING CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BIOMERIEUX, INC., et al. | : | NO. 06-5609 |

## ORDER

AND NOW, this 16th day of May 2007, it is hereby ORDERED that:

1. The Defendants' Motions to Transfer Venue (Docs. Nos. 10 &19) are DENIED.

2. PST Consultants' and Waddell's Motion to Dismiss for lack of personal jurisdiction (Doc No. 19) is DENIED without prejudice.

Defendants, PST and Waddell, are ordered to file responses to Defendant Biomerieux's cross-claim within 14 days of the date of this Order.

BY THE COURT:

**/s/ Michael M. Baylson**

Michael M. Baylson, U.S.D.J.